UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INCIDENT CATERING SERVICES LLC, doing business as Ellipse Global,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH ERROL NANCE,<br><br>Defendant. | CASE NO. 2:22-cv-591<br><br>ORDER DENYING RAQUEL LACKEY MOTION TO DISMISS |
| KENNETH ERROL NANCE,<br><br>Counter Claimant,<br><br>v.<br><br>INCIDENT CATERING SERVICES LLC, doing business as Eclipse Global, MIKE HOLM, individually and on behalf of his domestic community with Jane Doe Holm, RAQUEL LACKEY, individually and on behalf of her domestic community with Richard W. Lackey,<br><br>Counter Defendants. | |

## INTRODUCTION

This matter comes before the Court on Counter Defendant Raquel Lackey's motion to dismiss. Dkt. No. 36. Because the Court finds that there is reason to retroactively extend the

ORDER DENYING RAQUEL LACKEY MOTION TO DISMISS - 1

timeframe for service and that Counter Claimant Kenneth Errol Nance brings a plausible counterclaim for wage theft, the Court DENIES Lackey's motion to dismiss.

## BACKGROUND

Plaintiff Incident Catering Services LLC d/b/a Ellipse Global ("Ellipse Global") sued its former national sales director, Defendant Kenneth Errol Nance, alleging Nance misappropriated trade secrets, violated his contract, received unjust enrichment, and breached his duty of loyalty. Dkt. No. 1 at 19–28. Nance answered the complaint on June 13, 2022, asserting a wage-theft counterclaim against Ellipse Global. Dkt. No. 13. On July 5, 2022, Nance filed an amended answer. *See* Dkt. No. 17. In his amended answer, Nance added wage-theft counterclaims against Ellipse Global's President, Mike Holm, and Chief Financial Officer, Raquel Lackey. Dkt. No. 17 at 25. Nance incorrectly characterized his claim as a third-party complaint. *See id.* Several months later, Nance moved to amend his answer to restyle his claims against Holm and Lackey as counterclaims. *See* Dkt. No. 25 at 2. With the Court's approval, Nance filed his second amended answer on December 20, 2022, and he served Lackey on December 23, 2022. Dkt. Nos. 29, 39.

Nance alleges Ellipse Global, Holm, and Lackey failed to pay commissions he earned while serving as the company's National Director of Sales from August 31, 2020, until his resignation in January 2022. *See* Dkt. No. 29 at 18–20. More specifically, Nance alleges:

> The Incentive Program and similar reports of [Ellipse Global] to establish the amount of Nance's commissions were prepared under the direction and supervision of Lackey, and Lackey was therefore aware of [Ellipse Global's] payment obligation to Nance. Lackey had the authority to cause [Ellipse Global] to pay compensation to Nance during his employment with [Ellipse Global]. Lackey has the authority to cause [Ellipse Global] to pay compensation to Nance after Nance's employment with [Ellipse Global] ended. Lackey is aware that Nance has not been paid the commissions and keyperson compensation that Nance is owed by [Ellipse Global] and Lackey has willfully not caused Nance to be paid.

*Id.* at 22. Nance further alleges Ellipse Global and Lackey often failed to provide "detailed statement[s] of Nance's commission[s,]" and when they did provide statements, Ellipse Global and Lackey misrepresented the amount owed by "making false entries in [their] books or records" in violation of RCW 49.52.050(4). *Id.* at 26.

Lackey moves to dismiss Nance's counterclaim. Lackey argues: (1) Nance failed to timely serve her with process; and (2) Nance fails to state a claim for wage theft. In the alternative, Lackey seeks a more definite statement of Nance's claims.

## DISCUSSION

**I. Legal standards at issue.**

Under Rule 12(b)(5), courts may dismiss a claim based on insufficient service of process. Fed. R. Civ. P. 12(b)(5). "Once service is challenged, [a] plaintiff[ ] bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Without personal service in accordance with Rule 4, the district court lacks jurisdiction to render a personal judgment against a defendant. *Hutchinson v. United States*, 677 F.2d 1322, 1328 (9th Cir.1982).

Under Rule 12(b)(6), courts will grant a motion to dismiss only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard is less than probability, "but it asks for more than a sheer possibility" that a defendant did something wrong. *Iqbal*, 556 U.S. at 678 (citations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly,* 550 U.S. at

ORDER DENYING RAQUEL LACKEY MOTION TO DISMISS - 3

557). In other words, a plaintiff must plead "more than more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts factual allegations pleaded in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). But courts "do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (internal quotation marks omitted).

## II. Subject matter jurisdiction exists for Nance's wage-theft counterclaim against Lackey.

Nance alleges the Court has supplemental jurisdiction over his related state law claims because Ellipse Global's complaint raises a federal question under 28 U.S.C. § 1367(a). Dkt. No. 29 at 15.[1] Although Lackey does not challenge Nance's purported jurisdictional basis, the Court has an independent obligation to determine whether it has subject matter jurisdiction over a party's counterclaim. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (stating that because subject matter jurisdiction "can never be forfeited or waived," courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). When a federal court lacks subject matter jurisdiction, it must dismiss the complaint or counterclaim in its entirety. *Id.*

Whether supplemental jurisdiction exists generally depends on the type of counterclaim asserted (i.e., compulsory or permissive). A compulsory counterclaim arises out of the same

---

[1] Because Nance and Lackey are both residents of Washington, diversity jurisdiction under 28 U.S.C. § 1332 does not exist for Nance's wage-theft counterclaim against Lackey. Dkt. No. 29 at 14.

ORDER DENYING RAQUEL LACKEY MOTION TO DISMISS - 4

transaction or occurrence that is the subject matter of the opposing party's claim. Fed. R. Civ. P. 13(a). A counterclaim arises out of the same transaction or occurrence as another claim if it meets the Ninth Circuit's "logical relationship" test. "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *Mattel, Inc v. MGA Ent.*, Inc., 705 F.3d 1108, 1110 (9th Cir. 2013) (internal quotation marks omitted). For this inquiry, what matters most is the overlap in facts, not legal theories. *Id.*

A permissive counterclaim, on the other hand, traditionally requires an independent basis for jurisdiction. *See Oak Park Tr. & Sav. Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000). Some courts interpret the 28 U.S.C. § 1367(a) to recognize an exception to the independent basis requirement. Under this interpretation supplemental jurisdiction covers counterclaims that "form part of the same case or controversy." 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1422 (3d ed. 2023). Thus, "[t]he standard for supplemental jurisdiction is broader than the standard for a counterclaim to be compulsory." *Okanogan Highlands All.*, 526 F. Supp. 3d at 877 (quoting *Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1169 (N.D. Cal. 2005)) (internal quotations omitted). Supplemental jurisdiction extends to permissive counterclaims related to the original claims in the action. *Id.*

Here, Ellipse Global alleges Nance received two large commission payments in 2021 and 2022, the amounts of which were mistakenly calculated based on gross revenues rather than net income. Dkt. No. 1 at 14. Ellipse Global seeks repayment of these commissions, around $549,691. *Id.* Nance claims Ellipse Global, Holm, and Lackey failed to pay him commissions he allegedly earned during this same time frame, working under the same employment agreement, in the same position. *See generally* Dkt. No. 29. Because Ellipse Global's unjust enrichment

ORDER DENYING RAQUEL LACKEY MOTION TO DISMISS - 5

claim and Nance's wage-theft counterclaim involve overlapping timeframes, events, and persons, the Court finds the claims arise from the same transaction or occurrence. Based on its review of the record, the Court finds that Nance's counterclaim against Lackey satisfies the logical relationship test and is therefore a compulsory counterclaim, such that the Court may properly exercise supplemental jurisdiction over it.

**III. The Court finds that there is reason to utilize its discretion to retroactively extend the deadline for service of Nance's counterclaim.**

A counterclaim must be served on all parties to the action, and new parties must be served with summons. *See* Fed. R. Civ. P. 5(a)(1)(B). Generally, service of a pleading must be completed within 90 days. *See* Fed. R. Civ. P. 4(m). Where a party has been added by amendment, the time limit for service runs from the date of amendment. *MERSCORP Holdings, Inc. v. Kelsey,* No. CV 18-3802-JFW(AFMX), 2018 WL 6445694, at *2 (C.D. Cal. July 26, 2018) (citing *McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990)). "But if the plaintiff shows good cause for the failure [to serve a defendant within 90 days], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Although the district court's discretion is not limitless, it may approve an extension even if the deadline has already passed. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003)*; see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (recognizing that post-deadline extensions are permitted but denying an extension where the delay was extraordinary given that the plaintiff failed to serve defendant for seven years).

In exercising its discretion, a district court may also extend the deadline absent good cause. *Efaw*, 473 F.3d at 1040. "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of

ORDER DENYING RAQUEL LACKEY MOTION TO DISMISS - 6

a lawsuit, and eventual service.'" *Id.* at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

Lackey argues the Court should dismiss this cause of action because Nance failed to effect timely service.[2] Nance argues he delayed service because he "was exploring the possibility of fully resolving this matter without having to draw Lackey into the suit" but determined resolution without Lackey "was no longer feasible." Dkt. No. 40 at 11. Nance claims these efforts to resolve the case constitute good cause to extend the deadline for service. Because "[a]t a minimum, 'good cause' means excusable neglect," Nance fails to establish good cause. *See Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

Despite the lack of good cause, the Court finds a retroactive extension of the service deadline is justified nevertheless. Lackey argues she suffered prejudice because of the delay, claiming Nance "deprived [her] of the same time period for discovery as the other parties." Dkt. No. 36 at 6. Lackey's prejudice argument is unavailing because the case remains in the early stages of the litigation. In March 2023, the Court set an amended trial date and case schedule—discovery closes on October 16, 2023, and trial begins February 12, 2024. Dkt. No. 45. Thus, these important deadlines, as of the time of service, were ten months and over one year away respectively.

Further, although Nance says the statute of limitations is not at issue, he argues dismissing Lackey would cause him substantial prejudice as he would need to "file a separate

---

[2] Lackey also argues Nance violated Rule 14 because he did not serve her within 14 days of the original answer and because he didn't obtain leave from the Court to assert a counterclaim. Dkt. No. 36 at 6 (citing Fed. R. Civ. P. 14(a)(1)). Lackey's argument is misplaced given Nance's counterclaim is not governed by Rule 14 and leave of the Court is not always necessary to join a party to a counterclaim filed against the original plaintiff. *See* 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1434 (3d ed. 2023). Moreover, Nance obtained leave from the Court to file his second amended answer and counterclaims. *See* Dkt. No. 27.

ORDER DENYING RAQUEL LACKEY MOTION TO DISMISS - 7

lawsuit against Lackey to litigate the very same wage transactions and evidence he is litigating against Lackey's company . . . [and] Holm." Dkt. No. 40 at 11. The Court agrees litigating these counterclaims together best serves judicial economy. Under these circumstances, the Court finds there is reason to exercise its discretion to retroactively extend the timeframe for service. Accordingly, the Court denies Lackey's motion to dismiss based on insufficient service of process.

### IV. Nance's wage-theft counterclaim is plausible enough to survive Lackey's Rule 12(b)(6) motion to dismiss.

In Washington, any "employer or officer, vice principal or agent of any employer" is guilty of a misdemeanor if he or she "[w]ilfully and with intent to deprive the employee of any part of his wages" pays the employee less than the wage to which the employee is entitled. *Ellerman v. Centerpoint Prepress, Inc.*, 22 P.3d 795, 797–98 (Wash. 2001) (quoting RCW 49.52.050(2)). Further, any "officer, vice principal or agent of any employer" who violates RCW 49.52.050(2) is liable to the unpaid employee "for twice the amount of the wages unlawfully . . . withheld" and attorney fees. RCW 49.52.070. An officer, vice principal, or agent of an employer may be liable in their personal capacity where the plaintiff shows they "directly supervise[d] or control[led] the payment of wages." *Ellerman*, 22 P.3d at 799. Where "an employer intentionally used 'bad math' to manipulate the computation of wages owed to employees, an employee would possess a statutory claim for the withholding of wages" under RCW 49.52.050(2). *Cox v. Kroger Co.*, 409 P.3d 1191, 1196 (Wash. Ct. App. 2018).

Lackey argues Nance fails to state a claim against her personally because he identifies no wage transactions with which she was associated. Lackey further argues Nance does not explain her involvement in Ellipse Global's alleged failure to pay Nance's commissions. It is unclear,

according to Lackey, how her alleged improper bookkeeping caused deductions to Nance's wages so the Court should dismiss her from this action.

In response, Nance argues the Court can reasonably infer from his pleading that, as Chief Financial Officer,[3] Lackey "was responsible for reports evidencing that Nance was owed far more in commissions than he was paid both before and after his termination" and that she "directed, supervised, and approved . . . reports where she knowingly falsely applied certain expenses to reduce a portion of Nance's commissions resulting in [Ellipse Global's] failure to pay Nance wages owed[.]" Dkt. No. 40 at 8–9 (citing Dkt. No. 29 at 14, 19–20, 26).

The Court acknowledges these allegations appear contradictory—Nance alleges Lackey supervised the preparation of correct reports showing unpaid commissions and that Lackey intentionally prepared false reports to artificially lower Nance's commissions. *See* Dkt. No. 29 at 20, 26. But, reading the allegations in the light most favorable to Nance, he appears to refer to different reports prepared at different times because the correct reports seem to be those prepared at Nance's request shortly before his resignation. An employer cannot intentionally manipulate the computation of wages to lower the amount owed under RCW 49.52.050(2). Also when Nance alleges Lackey supervised intentional misreporting to decrease his commissions, and that Lackey allegedly served as an agent "with authority to cause Nance to be paid[,]" Nance states a plausible wage-theft claim against Lackey sufficient to survive a Rule 12(b)(6) challenge.

---

[3] In her reply, Lackey argues Nance's allegations require the Court to infer willful intent based merely upon her job title and duties as Chief Financial Officer. Dkt. No. 42 at 4. The Court disagrees with Lackey's characterization of Nance's allegations because Nance alleges Lackey supervised the preparation of false reports to decrease his commissions and intentionally withheld wages. Given that a party need only state a plausible claim for relief to survive a motion to dismiss, the Court does not require Nance to plead additional facts to demonstrate willful intent.

ORDER DENYING RAQUEL LACKEY MOTION TO DISMISS - 9

**V. Nance's complaint satisfies Rule 8, so an Order directing that he submit a more definite statement is not warranted.**

Because the Court declines to dismiss Nance's counterclaim against Lackey, it now considers Lackey's alternative request for relief: "a more definite statement pursuant to Fed. R. Civ. P. 12(e)." Dkt. No. 36 at 2. Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). Under Rule 12(e), the Court may order a more definite statement if a pleading "fails to specify the allegations in a manner that provides sufficient notice." *Smith v. Assurance IQ, LLC*, No. C21-0823JLR, 2021 WL 5205575, at *2 (W.D. Wash. Sept. 7, 2021) (internal quotation marks omitted). But motions for a definite statement are disfavored and rarely granted. *Id.* Lackey provides no real argument or authority in support of her request for a more definite statement, and what little she does say on this point, the Court finds lacking in merit.

## CONCLUSION

For the foregoing reasons, the Court DENIES Lackey's motion to dismiss.

Dated this 26th day of June, 2023.

Jamal N. Whitehead
United States District Judge

ORDER DENYING RAQUEL LACKEY MOTION TO DISMISS - 10